FILED
SUPERIOR COURT
OF GUAM

2019 JAN -7 PM 2:56

CLERK OF COURT

By:_____

# IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| PETER JOHN T. RIOS, JR. (FEDERAL DETAINEE), | ) ) ) | CIVIL CASE NO. CV1045-17 |
| PLAINTIFF, | ) ) ) | |
| v. | ) ) | **DECISION AND ORDER RE:** |
| ALBERTO "TONY" LAMORENA (OFFICIAL CAPACITY) DIRECTOR, DEPARTMENT OF CORRECTIONS, | ) ) ) ) ) | **DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| DEFENDANT. | ) | |

## Introduction

This matter came before the Honorable Maria T. Cenzon on October 8, 2018, pursuant to Defendant's Motion for Summary Judgment. Plaintiff Peter John T. Rios, Jr. appears *pro se*. Defendant Alberto "Tony" Lamorena, in his capacity as Director of the Guam Department of Corrections ("DOC"), is represented by Assistant Attorney General Monty R. May. Having reviewed the pleadings, for the reasons set forth below, the Court GRANTS IN PART, DENIES IN PART, and RESERVES IN PART Defendant's Motion for Summary Judgment. The Court also DISMISSES Plaintiffs third and fourth causes of action.

## Background

This matter comes before the Court as Sunshine Act dispute between Plaintiff, a former federal detainee, and Defendant, the director of a Government of Guam agency. On May 30, 2017, Plaintiff used the Department of Correction's administrative grievance form system to submit a request for information pursuant to the Sunshine Reform Act of 1999 ("Sunshine Act").

Defendant responded to Plaintiff's Sunshine Act request on June 7, 2017, and provided all documents deemed responsive to Plaintiff's request. Defendant withheld documents deemed either unresponsive or covered under a Sunshine Act exemption.

On October 4, 2017, Plaintiff filed his Complaint seeking the production of informational reports filed by himself and eight other federal detainees, medical reports of other detainees, and staff reports. Defendant filed his Answer on February 1, 2018. On September 4, 2018, Defendant filed his Motion for Summary Judgment. Plaintiff did not file an opposition brief to Defendant's Motion. On October 8, 2018, without a hearing, the Court took this matter under advisement.

## Discussion

Defendant seeks summary judgment upon all four aspects of Plaintiff's claims in his Complaint. Plaintiff requests that (1) the Court order production of certain documents pursuant to the Sunshine Act; (2) for the Court to sanction Defendant for his refusal to produce the requested documents; (3) for the Court to create a position of FOIA Officer within the Department of Corrections; and (4) the Court find and award damages for infliction of emotional distress caused by Defendant. The Court, first, will examine the standards for reviewing a motion for summary judgment. The Court will, then, apply the summary judgment standards upon all four of Plaintiff's claims.

### A. Summary Judgment Standards

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Guam R. Civ. P. 56(c); see also *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Rule 56(c) of the Guam Rules of Civil Procedure further mandates summary judgment against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. A genuine issue of material fact exists if there is sufficient evidence which establishes a factual dispute requiring resolution by a fact-finder. *Guam Pac Enter., Inc. v. Guam Poresia Corp. et al.*, 2007

Guam 22 n.8 (citing *Iizuka Corp. v. Kawasho Int'l (Guam). Inc.,* 1997 Guam 10 ¶ 7). The factual dispute must also concern a fact "that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit." *Id.*

If the moving party demonstrates a lack of a genuine issue of material fact, "the non-movant cannot merely rely on allegations contained in the complaint, but must produce at least some significant probative evidence tending to support the complaint." *Edwards v. Pacific Fin. Corp. et al.,* 2000 Guam 27 n. 7 (citations omitted). Thus, the ultimate inquiry for the Court is "whether the 'specific fact' set forth by the nonmoving party, coupled with undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence." *Bank of Guam v. Flores,* 2004 Guam 25 n.7. In determining a motion for summary judgment, "the court must draw inferences and view the evidence in a light most favorable to the non-moving party." *Id.* Having established the standard for summary judgment, the Court moves to examine Defendant's Motion for Summary Judgment of Plaintiff's four claims.

## B. Claim for Production of Documents Pursuant to Sunshine Act

Plaintiff seeks injunctive relief in his first claim. Plaintiff argues that Defendant violated Guam's Sunshine Act by withholding un-redacted copies of informational reports filed by eight fellow detainees as well as the medical records of other detainees. Plaintiff requests that the Court order Defendant to produce these documents. Plaintiff also seeks the release of an allegedly withheld staff report written by Corrections Officer B.A. Whalen. In Defendant's Motion, Defendant argues that the requested inmate informational reports were unresponsive as Defendant's review of these reports found no statements exonerating Plaintiff of misconduct. Defendant also states that his review of the medical files found that the disclosure of the requested medical files could raise privacy concerns. If the Court is not willing to grant outright summary judgment, Defendant requests the Court for an *in camera* review of the disputed documents in the alternative so that the Court could make a proper determination of whether the Sunshine Act requires disclosure of the information and medical reports. The Court agrees.

Motions for summary judgments require a developed record However, the current record before Court contains no specific details on the contents of the disputed documents. The Court can make no determinations of law because the Court has never seen these disputed documents. Therefore, the Court ORDERS Defendant to file, under seal, all the requested documents that have not been produced to Plaintiff, along with a copy of Plaintiff's Sunshine Act request. All documents must be filed with the Court by the end of business on **February 6, 2019.** Once the Court receives the documents, the Court will conduct an *in camera* review of the documents, and determine the responsiveness of the disputed documents or whether the documents are covered by a Sunshine Act exemption. Accordingly, the Court RESERVES its decision on Plaintiff's first claim and holds Plaintiff's first claim in abeyance until further order from the Court.

### C. Claim for Sanctions Against Defendant

Plaintiff requests the Court to sanction Defendant for knowingly withholding responsive documents per his Sunshine Act request. In his Complaint, Plaintiff alleges that he made several attempts to contact Defendant regarding his Sunshine Act request. DOC regulations offer inmates an administrative grievance and complaint system. *See generally* 24 GAR Art. 16. Plaintiff alleges that he used DOC's administrative remedy system and filed his Sunshine Act request with Defendant on April 11, 2017. Having received no reply from Defendant, Plaintiff filed a second Sunshine Act request with Defendant using DOC's Inmate/Detainee Mailing System and the United States Postal Service on May 1, 2017. Plaintiff alleges that Defendant's office received his second request on May 14, 2017. Plaintiff filed a third Sunshine Act request as part of an administrative grievance complaint form against Defendant on May 30, 2017. Defendant responded to Plaintiff's third Sunshine Act request and provided many of Plaintiff's requested documents on June 7, 2017. However, Defendant withheld several documents arguing that the sought documents were either unresponsive, or covered under an exemption of the Sunshine Act.

The standard of review for motions for summary judgment directs the Court to make all factual inferences in favor of the non-moving party, and grant summary judgment if there are no issues of material fact. Plaintiff alleges in his complaint that he made two attempts to serve

Defendant with a Sunshine Act request prior to his May 30, 2017 request. Plaintiff also alleges that Defendant's lengthy delay in responding to his Sunshine Act requests prejudiced his civil liberties as well as causing him emotional distress. However, Plaintiff offers no probative evidence supporting his claims. Defendant claims that DOC has no records of any Sunshine Act requests made by Defendant prior to May 30, 2017. Def.'s Answer at p. 1. Therefore, the Court is faced with both parties making contradictory claims as neither party presents evidence supporting their claim. Therefore, the Court cannot make a factual or legal finding on whether Plaintiff actually made two attempts prior to May 30, 2017, and whether Defendant did not respond to Plaintiff's alleged attempts.

The Court can only look at the May 30, 2017 request, to which Defendant replied on June 7, 2017, or six business days after receiving the request. The Sunshine Act requires a government agency to respond to a Sunshine Act request within four business days of receipt. 5 GCA § 10103(d). However, in unusual circumstances, the agency may take up to ten additional business days to respond to a petitioner's request. 5 GCA § 10103(e). One such unusual circumstance allows an agency more time if responding to a single request demanding more than ten separate and distinct records. 5 GCA § 10103(e)(2). From what the Court gathers from Plaintiff's Sunshine Act request, Plaintiff demanded more than ten separate and distinct records from the DOC. Therefore, the Sunshine Act authorized Defendant to utilize the ten additional business days before responding to Plaintiff's request. Because Defendant's turnaround time of six business days was within the statutorily allowed time period, the Court declines to find that Defendant delayed production of documents.

In his motion, Defendant argues that he acted in good faith when reviewing Plaintiff's requested documents. Defendant supplemented his motion with a declaration signed by himself. *See* Decl. of Alberto Lamorena V, Dir., Dep't of Corr. In his declaration, the Defendant reiterates his acting in good faith when deciding to withhold the disputed documents. *Id.* at 3. Plaintiff fails to refute this evidence with any evidence of his own. After viewing the available evidence in a light most favorable to Plaintiff, the Court finds that Plaintiff fails to sustain his burden of

proving that Defendant acted in bad faith or arbitrarily and capriciously. Further, the Court finds no cause to find that Defendant prejudiced Plaintiff's civil liberties or caused other injury in withholding the disputed documents, and sees no cause to sanction Defendant as requested by Plaintiff. Accordingly, the Court **GRANTS** Defendant's Motion for Summary Judgment with regards to Plaintiff's second claim.

### D. Creation of FOIA Officer

Defendant argues that Plaintiff's request for the Court to create a new FOIA Officer position within DOC violates the doctrine of the separation of powers. To fully explore Defendant's third argument, the Court must first examine the relationships between the three branches of the Government of Guam pursuant to the doctrine of the separation of powers. "Under the Organic Act, the government of Guam is comprised of three separate but co-equal branches of government". *In re Request of Gutierrez*, 2002 Guam 1 ¶ 32 (citing 48 U.S.C. § 1421a (1992) ("The government of Guam shall consist of three branches, executive, legislative and judicial....")). Thus, implicit in the language of the Organic Act is the traditional concept of separation of powers. *See Villagomez-Palisson v. Superior Court*, 2004 Guam 13 ¶ 14; *Pangelinan v. Gutierrez*, 2000 Guam 11 ¶ 31; *see also Hamlet v. Charfauros*, 1999 Guam 18 ¶ 9 ("By its very language, therefore, the Organic Act requires application of the constitutional doctrine of separation of powers to government of Guam functions.") (citation omitted). Under the separation of powers doctrine, "one branch of government is prohibited from either delegating its enumerated powers to another branch of the government or aggrandizing its powers by reserving for itself the powers given to another branch." *In re Request of Gutierrez*, 2002 Guam 1 ¶ 35 (citations omitted). The separation of powers doctrine exists to "prevent[ ] the abuses that can flow from centralization of power." *Mo. Coalition for Env't v. Joint Comm. on Admin. Rules*, 948 S.W.2d 125, 132 (Mo.1997) (en banc) (citation omitted); *see also Book v. State Office Bldg. Comm'n*, 238 Ind. 120, 149 N.E.2d 273, 293 (1958) (recognizing that the purpose of separating the powers of each branch is "to preclude a commingling of these essentially different powers of the government in the same hands") (citation omitted).

The Organic Act tasks the Judicial Branch with interpreting the laws enacted by the Legislative Branch, vesting judicial power in the Guam Supreme Court, the Superior Court, and all other local courts created under the laws of Guam. *See* 48 U.S.C. § 1424-1. "[T]he essence of judicial power is the final authority to render and enforce a judgment or remedy." *Firelock Inc. v. Dist. Ct.*, 776 P.2d 1090, 1094 (Colo.1989). "[J]udicial power is the power to interpret and apply the laws to actual controversies. Judicial power has also been defined as 'the power to hear and determine a cause and the rights of the parties to a controversy, and to render a binding judgment or decree based on present or past facts under existing laws.' " *Gleason v. Samaritan Home and Church Mut. Ins. Co.*, 926 P.2d 1349, 1359–60 (Kan.1996) (citation omitted).

Similarly, the Organic Act vests executive power in the "Office of the Governor". The Governor's powers and duties include:

> [The] general supervision and control of all the departments, bureaus, agencies, and other instrumentalities of the executive branch of the government of Guam.... He shall appoint, and may remove, all officers and employees of the executive branch of the government of Guam, except as otherwise provided in this or any other Act of Congress, or under the laws of Guam, and shall commission all officers he may be authorized to appoint. He shall be responsible for the faithful execution of the laws of Guam and the laws of the United States applicable in Guam.

48 U.S.C. § 1422. Simply put, the Organic Act requires the Governor to enforce the laws enacted by the Guam Legislature. To do so, the Governor can appoint and empower officials to administer and oversee the various departments and agencies within the Executive Branch. *See In re Request of Governor Felix P. Camacho*, 2004 Guam 10 ¶ 44; *In re Request of Gutierrez*, 2002 Guam 1 ¶ 39.

Having established the duties and responsibilities of the Executive and Judicial branches, the Court next examines how to evaluate a separation of powers violation. In *People v. Perez*, 1999 Guam 2, the Guam Supreme Court adopted the United States Supreme Court's framework for evaluating a potential violation:

> In determining whether the Act disrupts the proper balance between the coordinate branches, the proper inquiry focuses on the extent to which it prevents the Executive Branch from accomplishing its constitutionally assigned functions.

Only where the potential for disruption is present must we then determine whether the impact is justified by an overriding need to promote objectives within the constitutional authority of Congress.

*Id.* at ¶ 17 (citing *Nixon v. Administrator of General Services*, 433 U.S. 425, 443 (1977) (citation omitted)). The *Perez* court found that the framework required the evaluation of two separate elements: (1) whether the disputed activity prevents the accomplishment of a branch's constitutional functions and (2) if so, whether the disruptive impact is justified by any overriding constitutional need. *Id.* Having received guidance on how to evaluate a potential violation of the separation of powers doctrine, the Court will apply the *Perez* court's framework to Plaintiff's request.

Plaintiff requests the Court to create a FOIA Officer position within DOC. Title 5 GCA Section 3113 establishes DOC within the Executive Branch. The Governor appoints the Director of the Department of Corrections with the advice and consent of the Guam Legislature. 5 GCA § 3113. Within the Department, Guam law allows the Director to appoint officers and employees of the Department. 9 GCA § 90.35(b). A plain language reading of 48 U.S.C. § 1422 and 9 GCA § 90.35(b) shows the Court that only the Governor or his appointed Director of the Department of Corrections has the authority to create a new position within DOC. Thus, if the Court were to grant Plaintiff's request and appoint a FOIA Officer at DOC, the Court would be preventing or impeding the Governor from exercising his Organic Act duty of supervising and controlling DOC. Because a Court-ordered appointment of a FOIA Officer would prevent or impede the Executive Branch, the Court examines if this disruption can be justified by any overriding constitutional need. The Court sees no overriding constitutional need that would require the Court to order the Executive Branch to hire a FOIA Officer at DOC. Therefore, the Court finds that the Court lacks jurisdiction to order DOC to hire a FOIA Officer. Doing so would exceed the Court's Organic Act-vested authority, and would also violate the doctrine of separation of powers. Because the Court has no jurisdiction in the matter, the Court holds no authority to address the merits of this claim or to grant judgment in favor of Defendant. *See DFS Guam L.P. v. A.B. Won Pat Int'l Airport Auth.*, 2014 Guam 12 ¶ 23. Accordingly, the Court **DENIES**

Defendant's Motion for Summary Judgment over Plaintiff's third claim and **DISMISSES WITH PREJUDICE** Plaintiff's third claim for the Court's lack of jurisdiction.

### E. Claims of the Infliction of Emotional Distress

Plaintiff's fourth claim alleges that Defendant's withholding of his requested documents caused him emotional distress due to the punitive nature of being held away from normal inmate confinement. Actions bringing a claim of infliction of emotional distress are traditionally brought as either the tort of Intentional Infliction of Emotional Distress, or the tort of Negligent Infliction of Emotional Distress. *See* Restatement (Second) of Torts §§ 46, 313. The Court sees two immediate issues with Plaintiff's claim for tort damages. First, Plaintiff does not specify which tort from which to recover. Second, the Court recognizes that the DOC enjoys protection under sovereign immunity as a Government of Guam agency. Because sovereign immunity can serve as an absolute bar against Plaintiff's claim, the Court first analyzes this issue.

The Government of Guam and its agencies enjoy broad protections under sovereign immunity. *Sumitomo Construction Co., Ltd. v. Gov't of Guam*, 2001 Guam 23 ¶ 8. Sovereign immunity can only be waived with legislation. *Id.* at ¶ 9. The Guam Legislature waived sovereign immunity on tort claims being brought against a Government of Guam agency in the Government Claims Act. Title 5 Guam Code Annotated Section 6106 states in relevant part:

> Pursuant to Section 3 of the Guam Organic Act, the Government of Guam hereby waives immunity from suit, but only as hereinafter provided:
> (b) for claims in tort, arising from the negligent acts of its employees acting for and at the direction of the government of Guam, even though occurring in an activity to which private persons do not engage.

5 GCA § 6105(b). A reading of this statute shows that, although the Government Claims Act waives sovereign immunity for negligence tort actions brought against Government of Guam, claimants bringing suit against the Government of Guam must still adhere to all requirements under the Government Claims Act. One of such requirements is the timely filing of all applicable claims. 5 GCA § 6106. Once a claim is timely filed, a party may only file an action in the superior court if the claim was rejected by the Government of Guam agency. 5 GCA § 6208. The reasoning behind the exhaustion requirement is to "avoid unnecessary litigation by enabling the

Government to promptly evaluate and investigate claims for early settlement at the administrative level." *Hartford Accident & Indemnity v. United States*, 720 F.Supp. 258, 260 (E.D.N.Y.1989) (citing *Keene Corp. v. United States*, 700 F.2d 836, 842 (2d Cir. 1983)); *see also Pan Tech Mgmt. Corp. v. United States. Dep't of Hous. & Urban Dev.*, 788 F.Supp. 152, 153 n.2 (E.D.N.Y.1992).

In the instant matter, if Plaintiff intended to bring suit for the intentional tort of Intentional Infliction of Emotional Distress, the Government of Guam's sovereign immunity bars Plaintiff from bringing this suit. The Government Claims Act does not waive sovereign immunity for intentional torts. *See* 5 GCA § 6105; *Wood v. Guam Power Auth.*, 2000 Guam 18 at 6. If Plaintiff intended to bring suit for the tort of Negligent Infliction of Emotional Distress, Plaintiff must follow the administrative steps stated in the Government Claims Act. However, Plaintiff offers no evidence that he filed a timely claim with DOC regarding the allegations of Director Lamorena's alleged negligence tort. Absent a showing of a timely claim rejected by DOC, Plaintiff cannot demonstrate that he exhausted his administrative remedies prior to bringing his claim against Defendant. Therefore, the Court finds that the Court lacks subject-matter jurisdiction for either tort cause of action because, either sovereign immunity bars Plaintiff from bringing suit, or Plaintiff failed to exhaust his administrative remedies pursuant to the Government Claims Act. Accordingly, the Court must **DISMISS WITHOUT PREJUDICE** Plaintiff's fourth claim. The Court grants Plaintiff leave to refile a negligence tort action against Defendant once he has exhausted the Government Claims Act's administrative requirements found in Title 5 Chapter 6 of the Guam Code Annotated. Further, as Defendant moved for summary judgment on this fourth claim, the Court finds that the Court has no jurisdiction to address the merits of this fourth claim or to grant judgment. Therefore, the Court DENIES Defendant's Motion for Summary Judgment over Plaintiff's fourth claim.

//

//

//

## Conclusion

For the reasons set forth above, the Court can make no determinations of law because the Court has never seen the contents of these disputed documents. Therefore, the Court ORDERS Defendant to file, under seal, all the requested documents that have not been produced to Plaintiff, along with a copy of Plaintiff's Sunshine Act request. All documents must be filed with the Court by the end of business on **February 6, 2019.** Once the Court receives the documents, the Court will conduct an *in camera* review of the documents, and determine whether the disputed documents are either responsive to Plaintiff's request or covered by a Sunshine Act exemption. Accordingly, the Court **RESERVES** its decision on Plaintiff's first claim and holds Plaintiff's first claim in abeyance until further order from the Court.

For the reasons set forth above, the Court finds that Plaintiff fails to sustain his burden of proving that Defendant acted in bad faith or arbitrarily and capriciously. Further, the Court finds no cause to find that Defendant prejudiced Plaintiff's civil liberties or other injury in withholding the disputed documents, and sees no cause to sanction Defendant as requested by Plaintiff. Accordingly, the Court **GRANTS** Defendant's Motion for Summary Judgment with regards to Plaintiff's second claim.

For the reasons set forth above, the Court finds that the Court lacks the jurisdiction to order DOC to establish a FOIA Officer. Doing so would exceed the Court's Organic Act-vested authority, and would also violate the doctrine of separation of powers. Further, because the Court has no jurisdiction in the matter, the Court holds no authority to address the merits of this claim or to grant judgment in favor of Defendant. Accordingly, the Court **DENIES** Defendant's Motion for Summary Judgment over Plaintiff's third claim and **DISMISSES WITH PREJUDICE** Plaintiff's third claim for the Court's lack of jurisdiction.

For the reasons set forth above, the Court finds that the Court lacks subject-matter jurisdiction for either potential tort action because either sovereign immunity bars Plaintiff from bringing suit, or Plaintiff failed to exhaust his administrative remedies pursuant to the Government Claims Act. Because the Court has no jurisdiction in the matter, the Court holds no

authority to address the merits of this claim or to grant judgment in favor of Defendant. Accordingly, the Court **DENIES** Defendant's Motion for Summary Judgment over Plaintiff's fourth claim and **DISMISSES WITHOUT PREJUDICE** Plaintiff's fourth claim. The Court grants Plaintiff leave to refile a negligence tort action against Defendant once he has exhausted the Government Claims Act's administrative requirements.

SO ORDERED _____ JAN 07 2019 _____ .


HONORABLE MARIA T. CENZON
JUDGE, SUPERIOR COURT OF GUAM

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of _____

Date: 1/7/19 Time: _____

Deputy Clerk, Superior Court of Guam